# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MICHAEL SADALY,**
**Claimant Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-253**  (JCN: 2022001849)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Sadaly appeals the May 16, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc. ("ACNR") filed a timely response.[1] Mr. Sadaly did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order which closed this claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sadaly suffered an injury to his left shoulder on July 26, 2021, while employed by ACNR. Mr. Sadaly reported that he was reaching behind himself to close a truck door and felt a sharp pain, burning, and a pop in his left shoulder. Mr. Sadaly was seen by Cheryl Doyle, N.P., on the day of the injury. Ms. Doyle noted that Mr. Sadaly's left shoulder flexion, extension, and external rotation were limited by pain. An x-ray of Mr. Sadaly's left shoulder was performed and revealed no significant bone or joint pathology. Ms. Doyle diagnosed Mr. Sadaly with an unspecified sprain of the left shoulder.

On August 9, 2021, the claim administrator issued an order holding this claim compensable for an unspecified sprain of the left shoulder joint. On August 12, 2021, the claim administrator issued an order granting Mr. Sadaly temporary total disability ("TTD") benefits beginning on August 2, 2021, through August 19, 2021. Mr. Sadaly underwent a left shoulder MRI on August 12, 2021, revealing rotator interval synovitis with

---

[1] Mr. Sadaly is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. ACNR is represented by Aimee M. Stern, Esq.

1

enlargement and non-retracted interstitial tearing of the long head of the biceps; mild-to-moderate tendinopathy of the infraspinatus with no significant rotator cuff tearing; and mild glenohumeral and acromioclavicular ("AC") osteoarthritis. Mr. Sadaly began physical therapy on August 13, 2021.

On August 25, 2021, Mr. Sadaly saw Dante Marra, M.D., an orthopedic surgeon. Mr. Sadaly reported that he had previous "issues" with his left shoulder.[2] Dr. Marra noted that Mr. Sadaly's MRI revealed rotator cuff tendinopathy, along with a bicep tendon partial rupture and AC degenerative joint disease. Dr. Marra's diagnoses were left shoulder rotator cuff tendinopathy, biceps tendon partial rupture, AC degenerative joint disease, and impingement.

Mr. Sadaly had a follow-up visit with Dr. Marra on October 4, 2021, where he continued to complain of shoulder pain and difficulty with any use of his shoulder. Dr. Marra recommended arthroscopic surgery to treat Mr. Sadaly's left shoulder. Mr. Sadaly underwent left shoulder arthroscopy surgery performed by Dr. Marra on April 6, 2022. Dr. Marra's post-operative diagnoses were left shoulder rotator cuff tear and impingement syndrome, AC degenerative joint disease, biceps tendon partial rupture, and posterior labral tear. On April 20, 2022, Mr. Sadaly followed up with Dr. Marra. Mr. Sadaly reported that he was doing well and had only mild pain. On May 3, 2022, Mr. Sadaly started post-surgical physical therapy. Mr. Sadaly was seen by Dr. Marra on May 16, 2022. Dr. Marra found good range of motion in the right shoulder, including full overhead motion but with significant pain; positive impingement; marked AC tenderness; and moderate pain and weakness with rotator cuff testing. On June 10, 2022, Mr. Sadaly returned to see Dr. Marra. Mr. Sadaly reported pain, but Dr. Marra found good range of motion and improving strength. A left shoulder x-ray showed good position of the hardware with no evidence of any complication.

On July 27, 2022, Dr. Mukkamala performed an IME of Mr. Sadaly. Mr. Sadaly reported pain in his left shoulder when elevating the arm while lifting anything heavy. Dr. Mukkamala concluded that Mr. Sadaly had "tentatively" reached maximum medical improvement ("MMI") but recommended an additional four weeks of physical therapy. Dr. Mukkamala opined that the physical therapy Mr. Sadaly was receiving was adequate to accomplish the post-operative goals.

A physical therapy progress note was completed on August 2, 2022, by Mikaela Dyar, P.T. Ms. Dyar found that Mr. Sadaly had tolerated physical therapy well without reports of increased pain. Ms. Dyar opined that Mr. Sadaly displayed no functional

---

[2] Mr. Sadaly was seen by Dr. Marra prior to his 2021 injury for left shoulder pain. Medical records indicate that Mr. Sadaly was seen by Dr. Marra intermittently between 2016 and 2020, and he received subacromial injections in his left shoulder in 2016 and 2020.

limitations and would be able to wean from formal physical therapy to self-management pending physician approval.

On August 31, 2022, Mr. Sadaly was re-examined by Dr. Mukkamala. Mr. Sadaly reported that although his left shoulder had improved, he was still experiencing pain. Dr. Mukkamala concluded that Mr. Sadaly had reached MMI for his compensable injury and required no further treatment. Mr. Sadaly's TTD benefits were suspended by a claim administrator's order dated September 1, 2022, based on Dr. Mukkamala finding him at MMI.

Mr. Sadaly returned to see Dr. Marra on September 9, 2022, and October 3, 2022. Mr. Sadaly complained of a clicking in his left shoulder that caused pain. Dr. Marra requested authorization for a left shoulder MRI to determine the cause of the clicking and a left shoulder subacromial injection for treatment of the clicking.

On October 5, 2022, the claim administrator issued an order denying authorization for a left shoulder MRI and a left shoulder subacromial injection based on Dr. Mukkamala's report stating that Mr. Sadaly was at MMI for his compensable injury and required no further treatment.[3] On October 13, 2022, the claim administrator issued an order that closed the claim for TTD benefits. Mr. Sadaly protested both orders.

Dr. Marra administered a subacromial injection to Mr. Sadaly's left shoulder on November 23, 2022. On November 28, 2022, Mr. Sadaly was deposed. He testified that he returned to work on October 16, 2022, and has continued to work. Mr. Sadaly stated that he takes a muscle relaxer. He testified that he still has pain when sleeping, which wakes him, and pain when he raises his arm, which sometimes causes him to lose his grip. Mr. Sadaly stated that he had a left shoulder injection performed the week prior to the deposition and it helped a lot with his arm movement and when he reaches out. Mr. Sadaly was asked about his previous shoulder issues. He testified that he did have shoulder pain and an injection in his left shoulder performed by Dr. Marra prior to his injury. Mr. Sadaly was asked about a physical therapy report that indicated he was doing roofing work. Mr. Sadaly denied doing any roofing and stated that he is unable to climb a ladder. He testified that he rented a lift to investigate roof issues at his home and he installed some flashing under his gutter.

On May 16, 2023, the Board issued an order affirming the claim administrator's order dated October 13, 2022, which closed this claim for TTD benefits. The Board found

---

[3] The Board's May 16, 2023, order also reversed a claim administrator order dated October 5, 2022, which denied authorization of a left shoulder MRI and a left shoulder subacromial injection. That portion of the Board's order is not at issue in this appeal. ACNR has protested that portion of the order in a separate appeal to this Court: No. 23-ICA-254.

that Mr. Sadaly was at MMI based on his physical therapy notes and Dr. Mukkamala's July 2022 report. Mr. Sadaly now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Sadaly argues that the fact that the Board authorized a left shoulder MRI and a left shoulder subacromial injection indicates that he is not at MMI and is entitled to further TTD benefits. Mr. Sadaly further argues that the Board should have given more weight to his treating physician Dr. Marra's opinion of his injury status, rather than relying on the report of Dr. Mukkamala, who found Mr. Sadaly at MMI despite his continuing symptoms. We disagree.

Here, the Board found that Mr. Sadaly had reached MMI for his compensable injury based on the July 2022 report of Dr. Mukkamala. The Board noted that Mr. Sadaly's physical therapy notes from August 2022 indicated that he had no physical limitations. The Board further noted that the Supreme Court of Appeals of West Virginia has indicated that closure of TTD benefits was appropriate, even when further treatment was authorized, when the treatment was palliative in nature or did not improve the claimant's condition. *See Shackleford v. Orkin, Inc.*, No. 11-1178, 2013 WL 2257651 (W. Va. May 22, 2013) (memorandum decision); *Williams v. W. Va. Off. of Ins. Comm'r.*, No. 15-1188, 2016 WL 6248649 (W. Va. Oct. 26, 2016) (memorandum decision). The Board found that the requested injection in this claim is considered maintenance care and will not improve Mr. Sadaly's shoulder condition, only his symptoms. The Board further found that the requested MRI was for diagnostic purposes.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Sadaly was at MMI based on Dr. Mukkamala's report and the physical therapy notes, and thus, affirming the closure of TTD benefits. We do not find Mr. Sadaly's argument that the fact that the Board authorized further treatment indicates that he is entitled to further TTD benefits to be persuasive. We find that it is within the Board's discretion to determine that Mr. Sadaly requires further treatment and is no longer temporarily totally disabled based on its review of the evidence. We will also defer to the Board's determinations of credibility. *See Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . .").

Finding no error in the Board's May 16, 2023, order, we affirm.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

5